NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1911
_____

UNITED STATES OF AMERICA

v.

KEITH HONAKER,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-11-cr-00216)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
January 21, 2014
_____

Before: FUENTES and FISHER, *Circuit Judges*, and JONES, II, *District Judge*.[1]

(Filed: April 24, 2014)
_____

OPINION
_____

FUENTES, *Circuit Judge*.

    Keith Honaker appeals the District Court's denial of his motion to dismiss his

criminal complaint.  Finding no error, we affirm the District Court.[2]

_____

[1] The Honorable C. Darnell Jones, II, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

I.

A grand jury indicted Honaker for knowingly failing to register as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). Honaker was required to register as a result of committing a sex offense several decades before the enactment of SORNA in 2006. However, pursuant to the authority delegated to him under the statute, the Attorney General has promulgated rules making SORNA applicable to those who committed pre-enactment sex offenses. *See* 73 Fed. Reg. 38030-01, 38035-36 (July 2, 2008).

Honaker moved to dismiss the indictment on the grounds that SORNA violated the nondelegation doctrine by delegating to the Attorney General the authority to determine the applicability of SORNA to offenders, such as Honaker, who were convicted of a sex offense before SORNA was enacted. The District Court denied that motion. *See United States v. Honaker*, 2012 WL 2952367 (W.D. Pa. July 19, 2012). Honaker then entered into a conditional plea agreement, preserving his right to appeal the denial of his motion to dismiss. The District Court sentenced Honaker to 30 months' incarceration, to be followed by a life-time term of supervised release.

Honaker now appeals the denial of his motion to dismiss that indictment. On appeal, his sole argument is that Congress violated the nondelegation doctrine when it delegated to the Attorney General the authority to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders.

_____

[2] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

While Honaker's appeal was pending, we decided *United States v. Cooper*, --- F.3d---, 2014 WL 1386816 (3d Cir. Jan. 8, 2014), in which we squarely held that "SORNA does not violate the nondelegation doctrine," *id.* at *1. Because *Cooper* is directly on point, we are bound by its holding.  *See Chester ex rel. N.L.R.B. v. Grane Healthcare Co.*, 666 F.3d 87, 94 (3d Cir. 2011) ("Under our Internal Operating Procedures, a panel of this Court cannot overrule an earlier binding panel decision; only the entire court sitting en banc can do so." (citing Third Circuit I.O.P. 9.1)).  Accordingly, we reject Honaker's contention that SORNA violates the nondelegation doctrine by delegating authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders.

## II.

For the foregoing reasons, we affirm the District Court's denial of Honaker's motion to dismiss.